1  DAVID S. EISEN, ESQ. (State Bar No. 100623)
2  JESSICA R. K. DORMAN, ESQ. (State Bar No. 279919)
   **WILSON, ELSER, MOSKOWITZ,**
3     **EDELMAN & DICKER LLP**
   401 West A Street, Suite 1900
4  San Diego, CA 92101
   Telephone: (619) 321-6200
5  Facsimile: (619) 321-6201
   Email: david.eisen@wilsonelser.com
6         jessica.dorman@wilsonelser.com

7  Attorneys for Defendants ProVest California, LLC and Hector Torres
8

9                    **UNITED STATES DISTRICT COURT**

10      **NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

11  BRUNO FLEMING,                          Case No.

12                        Plaintiff,        **NOTICE OF REMOVAL TO**
                                            **FEDERAL COURT BY DEFENDANTS**
13       vs.                                **PROVEST CALIFORNIA, LLC AND**
                                            **HECTOR TORRES**
14  PROVEST CALIFORNIA, LLC, a
    Delaware limited liability company;
15  HECTOR TORRES, individually and         28 U.S.C. §1331
    in his official capacity; and DOES 1    28 U.S.C. §1441 (b)
16  through 10, inclusive,                  28 U.S.C. §1446

17                        Defendants.

18

19      TO THE CLERK OF COURT FOR THE UNITED STATES DISTRICT

20  COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

21      PLEASE TAKE NOTICE that Defendants in the above-captioned matter,

22  ProVest California, a Limited Liability Company., (hereinafter referred to as

23  "Defendant" or "ProVest") and HECTOR TORRES, an individual (hereinafter

24  referred to as "Defendant" or "Torres" and collectively, "Defendants") by and

25  through their attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, hereby

26  remove the above-entitled action currently pending in the Santa Clara Superior

27  Court (the "State Court") to the United States District Court for the Northern

28  District of California on the grounds that this court has original jurisdiction pursuant

to 28 U.S.C. §1331, 28 U.S.C. § 1441, and 28 U.S.C. §1446. Defendants provide the following in support of this Notice of Removal:

**STATE COURT ACTION**

1.      On April 2, 2021, Plaintiff, Bruno Fleming, ("Plaintiff") filed his Complaint against Defendants entitled *Bruno Fleming v. ProVest California, LLC, a Delaware limited liability company and Hector Torres, individually and in his official capacity and DOES 1 through 10, inclusive* in the Santa Clara Superior Court, Case No. 21CV381619 (the "State Court Action"). (*See,* Complaint, attached hereto as **Exhibit "A".**)

2.      The Complaint, along with a Summons and "Civil Lawsuit Notice" was received by ProVest's agent for service of process, CSC, on May 11, 2021 by personal service.

3.      On May 12, 2021 Plaintiff filed a proof of service regarding service on ProVest on May 11, 2021 (See, Proof of Service, attached hereto as **Exhibit B**).

4.      Defendant Torres has not yet been served.

5.      On June 9, 2021, Defendants filed a timely answer to the Complaint. (the "Answer") (*See*, Answer attached hereto at **Exhibit C**).

6.      Defendants are informed and believe that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

7.      Defendants are the only named defendants in the State Court Action. Defendants are informed and believes that there has been no services of process on Does 1-10, which are fictitious defendants to be disregarded for the purposes of this removal. *See* 28 U.S.C. §1441(a).

8.      Defendants remove this action to the United State District Court for the Northern District as this Court has original jurisdiction due to Plaintiff's Claims including a Federal Question (28 U.S.C. § 1331).

/ / /

1
2

## ORIGINAL FEDERAL QUESTION JURISDICTION

### *Claims Based On United States Laws*

3      9.    Plaintiff's first cause of action is based on alleged violations of the
4    federal Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et. al*.

5      10.    Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction of "all
6    civil actions arising under the Constitution, laws, or treaties of the United States."

7      11.    Pursuant to 28 U.S.C. § 1441(a), for any civil action brought in a State
8    court, where a district court of the United States would have original jurisdiction,
9    Defendants may remove the action to "the district court of the United States for the
10   district and division embracing the place where such action is pending."

11     12.    Plaintiff also brings a second cause of action under California's
12   Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code. § 1788 et. al.
13   Plaintiff's state law claims are permissibly brought to this District Court through
14   supplemental jurisdiction permitted by 28 U.S.C. § 1367.

15

## COMPLIANCE WITH REMOVAL PROCEDURE

### *Timeliness of Removal*

16

17     13.    As a general rule, removal is required within thirty days of service of
18   the Complaint or thirty days from the first instance notice was provided of
19   removability. 28 U.S.C. 1446(b)(3).

20     14.    Defendant Torres has not yet been served.

21     15.    Defendant ProVest was served on May 11, 2021 through its designated
22   agent for service in California. Therefore, the thirty day timeframe did not begin to
23   run until that day.

24     16.    Defendants now seeks removal of this action within the thirty-day
25   timeframe since May 11, 2021, and therefore Defendants are in compliance with the
26   requirements of 28 U.S.C. 144.

27   / / /

28   / / /

**NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANTS**

*Venue*

17.  Venue lies in this Court because the action is pending in this district and division. *See* 28 U.S.C. § 1441(a).

*Appropriate Notice*

18.  Pursuant to  28 U.S.C. § 1446(d), Defendants will promptly provide a written Notice To Adverse Parties of this Removal to Federal Court to both counsel for Plaintiff and to the Clerk of the Superior Court for Santa Clara County.

19.  Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Defendants of any fact, of the validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which is/are hereby expressly denied, or as any type of express or implied waiver or limitation of any of the Defendants' rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

20.  Defendants expressly reserve the right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law to provide additional supporting evidence or include any additional sums sought in the Complaint not included herein, should any aspect of this removal and/or the information set forth herein be challenged. *See, e.g., Arias v. Residence Inn (9th Cir. 2019) 936 F.3d 920* at 925-29 (defendants must be provided "a fair opportunity to submit proof" where amount in controversy contested).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1       21.    WHEREFORE, the Defendants ProVest California, LLC and Hector

2   Torres remove Santa Clara Superior Court Case No. 21CV381619, entitled *Bruno*

3   *Fleming v. ProVest California, LLC, a Delaware limited liability company and*

4   *Hector Torres, individually and in his official capacity and DOES 1 through 10,*

5   *inclusive*, now pending in the Santa Clara Superior Court, to the United States

6   District Court for the northern District of California.

7

8

9   Dated:  June 10, 2021                   **WILSON, ELSER, MOSKOWITZ,**

10                                           **EDELMAN & DICKER LLP**

11

12                               By:  */s/ Jessica R. K. Dorman*

13                                   David S. Eisen, Esq.

                                 Jessica R. K. Dorman, Esq.

14                                 Attorneys for Defendants Provest California, LLC

                                 and Hector Torres

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

EXHIBIT A

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

E-FILED
4/2/2021 12:00 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV381619
Reviewed By: V. Taylor
Envelope: 6163053

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PROVEST CALIFORNIA, LLC, a Delaware limited liability company;
HECTOR TORRES, individually and in his official capacity; and
DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BRUNO FLEMING

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER *(Número del Caso):* 21CV381619 |
|---|---|

Superior Court of Santa Clara County
191 North First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Fred W. Schwinn (SBN 225575)      1435 Koll Circle, Suite 104
Consumer Law Center, Inc.         San Jose, California 95112-4610
                                  (408) 294-6100

DATE: *(Fecha)* 4/2/2021 12:00 PM      Clerk of Court      Clerk, by *(Secretario)* V. Taylor , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Provest California, LLC, a Delaware limited liability company
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* Corporation Code: 17061 (Limited Liability Company)
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB | Essential
ceb.com | Forms

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

E-FILED
4/2/2021 12:00 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV381619
Reviewed By: V. Taylor

1   Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
2   Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
3   1435 Koll Circle, Suite 104
San Jose, California  95112-4610
4   Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
5   Email Address: fred.schwinn@sjconsumerlaw.com

6
Attorneys for Plaintiff
7   BRUNO FLEMING

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF SANTA CLARA**

10

11   BRUNO FLEMING,                          Case No. 21CV381619

12                          Plaintiff,       **COMPLAINT**

13           v.                              15 United States Code §§ 1692-1692p
California Civil Code §§ 1788-1788.33
14   PROVEST CALIFORNIA, LLC, a Delaware
limited liability company; HECTOR TORRES,
15   individually and in his official capacity; and
DOES 1 through 10, inclusive,
16

17                          Defendants.

18       Plaintiff, BRUNO FLEMING, based on information and belief and investigation of counsel,

19   except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on

20   personal knowledge), hereby makes the following allegations:

21                              **INTRODUCTION**

22       1.    The Defendants in this case are process servers who have engaged in the

23   ignominious[1] and shoddy[2] practice of "sewer service" – i.e., failing to serve a debtor and filing a

24

25   _____
[1]  *Velazquez v. Thompson*, 451 F.2d 202, 204 (2d Cir. 1971) ("'Sewer service' is an ignominious practice
26   which is not limited to summary proceedings for the eviction of tenants but is also employed in suits on
installment payment contracts for personal property permitting repossession and garnishment, providing
27   a fertile field for the fleecing of the poor and the disadvantaged.").
[2]  *Kovalesky v. A.M.C. Associated Merchandising Corp.*, 551 F. Supp. 544, 546 (S.D.N.Y. 1982)
28   ("'[S]ewer service' constitutes shoddy practice.  It delays the process of justice and must be
discouraged.  This court has discretion to do just that.").

1   fraudulent affidavit attesting to service so that when the debtor later fails to appear in court, a default

2   judgment can be entered against him.[3]

3   
4       In jurisdictions where process need not be served by a public official, the bulk of the
    business of serving process gravitates into the hands of professional process servers.
5       Some of these process servers once followed a practice of disposing of process given
    them to serve (e.g., by throwing it down a sewer) and then falsely returning that they had
6       duly served it.[4]

7       2.    This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-

8   1692p (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil

9   Code §§ 1788-1788.33 (hereinafter "RFDCPA") for actual damages, statutory damages, attorney fees,

10  and costs brought by an individual consumer against process servers who engage in "sewer service."

11  
12      3.    While faithful process servers are exempted from the definition of "debt collector"

13  under the FDCPA when they are in fact "serving or attempting to serve legal process,"[5] "a process

14  server who goes 'beyond being merely being a messenger … and engages in prohibited abusive or

15  harassing activities to force an individual to repay a debt' cannot claim the exemption's protections."[6]

16      4.    Therefore, the Defendants in this case – process servers that failed to serve court

17  process entrusted to them and instead provide a perjured Proof of Service of Summons – are removed

18  
19  from the FDCPA's process server exemption.[7]

20  [3] *Spiegel v. Judicial Atty. Servs.*, 2011 U.S. Dist. LEXIS 9350 at *2 (N.D. Ill. Feb. 1, 2011).
[4] *Richardson v. Alliance Tire & Rubber Co.*, 158 F.R.D. 475, 480, fn. 5 (D. Kan. 1994), *quoting*, 1
21  Robert C. Casad, Jurisdiction in Civil Actions § 3.017d (2nd ed. 1991).
[5] 15 U.S.C. § 1692a(6)(d); *See generally*, *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413,
22  423 (S.D.N.Y. 2010), *citing Romea v. Heiberger & Assocs.*, 163 F.3d 111, 117 (2d Cir. 1998) ("Thus,
23  process servers whose involvement is merely 'limited to serving the [debt collection] communication
on the consumer – in effect, to being messengers' – are exempt.").
24  [6] *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 423 (S.D.N.Y. 2010), *citing Flamm v.*
25  *Sarner & Assoc., P.C.*, 2002 U.S. Dist. LEXIS 22255, 2002 WL 31618443 at *5 (E.D. Pa. Nov. 6,
2002).
26  [7] *Freeman v. ABC Legal Services, Inc.*, 827 F. Supp. 2d 1065, 1074 (N.D. Cal. 2011) ("if process
27  servers falsely claimed they had effected personal service and executed a false proof of service
document, then their actions would take them beyond their role as process servers and render them
28  ineligible for the [FDCPA] exception."); *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413
(S.D.N.Y. 2010); *McNall v. Credit Bureau*, 689 F. Supp. 2d 1265, 1278 (D. Or. 2010).

**JURISDICTION AND VENUE**

5.    The Court has jurisdiction over this action pursuant to California Code of Civil Procedure §§ 410.10 and California Civil Code § 1788.30(f), which allows enforcement in any court of competent jurisdiction. The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts." The statutes under which this action is brought do not grant jurisdiction on any other trial court in California.

6.    This Court has jurisdiction over each Defendant named herein because, based on information and belief, each defendant is a corporation or association authorized to do business in California and registered with the California Secretary of State, or does sufficient business, has sufficient minimum contacts in California, is a citizen of California, or otherwise intentionally avails itself of the California market through the promotion, sale, marketing and/or distribution of goods and services in California and thereby having such other contacts with California so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

7.    Venue is proper in the Santa Clara Superior Court pursuant to California Code of Civil Procedure §§ 393 and 395.5, because one or more of the violations alleged in this Complaint arise in the County of Santa Clara. Venue is also proper in the Santa Clara Superior Court pursuant to California Code of Civil Procedure § 395(b) because this action arises from an alleged extension of credit intended primarily for personal, family, or household use and Plaintiff (the alleged borrower) resided in the County of Santa Clara at the commencement of this action.

**PARTIES**

8.    Plaintiff, BRUNO FLEMING (hereinafter "Plaintiff"), is a natural person residing

- 3 -
COMPLAINT

1   in Santa Clara County, California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §

2   1692a(3) and a "debtor" as that term is defined by Cal. Civil Code § 1788.2(h).

3         9.    Defendant, PROVEST CALIFORNIA, LLC (hereinafter "PROVEST"), is a

4   Delaware limited liability company engaged in the business of composing and selling forms, documents

5

6   and other collection media used or intended to be used for debt collection. PROVEST's principal place

7   of business in California is located at: 4241 Jutland Drive, Suite 203, San Diego, California 92117.

8   PROVEST may be served at the address of its Agent for Service of Process at: Provest California, LLC,

9   c/o CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento,

10

11   California 95833. PROVEST is a corporation subject to the registration and other provisions found in

12   Cal. Bus. & Prof. Code §§ 22350-22360. PROVEST is regularly engaged in the business of indirectly

13   collecting defaulted consumer debts and assisting other debt collectors to file and maintain civil debt

14   collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone,

15   and internet. PROVEST regularly collects, directly or indirectly, defaulted consumer debts alleged to be

16

17   due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. PROVEST is a

18   "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

19   PROVEST is not subject to the exception of 15 U.S.C. § 1692a(6)(D). PROVEST is vicariously liable

20   to Plaintiff for the acts of Defendant, HECTOR TORRES.[8]

21         10.    Defendant, HECTOR TORRES (hereinafter "TORRES"), is a natural person and

22   is or was an employee and/or authorized agent of PROVEST at all relevant times. TORRES is in the

23

24   business of composing and selling of forms, documents and other collection media used or intended to

25   [8] Cal. Bus. & Prof. Code § 22356. ("A registrant shall be responsible at all times for the good conduct

26   of his or her employees acting within the course or scope of their employment, and any person acting as
an independent contractor within the course or scope of the agency relationship with the registrant."),

27   *Freeman v. ABC Legal Services, Inc.*, 827 F. Supp. 2d 1065, 1076 (N.D. Cal. 2011) ("if an entity is a
debt collector and hence subject to the FDCPA, it should bear the burden of monitoring the activities of

28   those it enlists to collect debts on its behalf."); *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th
Cir. 1994).

1   be used for debt collection. TORRES is an individual subject to the registration and other provisions

2   found in Cal. Bus. & Prof. Code §§ 22350-22360. TORRES is regularly engaged in the business of

3   indirectly collecting defaulted consumer debts by assisting other debt collectors to file and maintain

4   civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail,

5   telephone and internet. TORRES regularly collects, directly or indirectly, defaulted consumer debts

6   alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits.

7   TORRES is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civil Code §

8   1788.2(c). TORRES is not subject to the exemption provided by 15 U.S.C. § 1692a(6)(D).

9

10      11.   At all relevant times alleged in this Complaint, Defendants, and each of them,

11  were regularly engaged in the business of collecting defaulted consumer debts throughout the state of

12  California, including Santa Clara County, by assisting other debt collectors to file and maintain civil

13  debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail,

14  telephone, and internet.

15      12.   Plaintiff is informed, believes and thereon alleges, that each and all of the

16  aforementioned Defendants are responsible in some manner, either by act or omission, strict liability,

17  fraud, deceit, fraudulent concealment, negligence, respondeat superior, breach of contract, or otherwise,

18  for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately

19  caused by the conduct of Defendants.

20      13.   Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged

21  in this Complaint, each of the Defendants sued herein were the agent, servant, employer, joint venturer,

22  partner, division, owner, subsidiary, alias, assignee, and/or alter-ego of each of the remaining

23  Defendants and were at all times acting within the purpose and scope of such agency, servitude, joint

24  venture, division, ownership, subsidiary, alias, alter-ego, partnership, or employment and with the

25

26

27

28

1    authority, consent, approval, and ratification of each remaining Defendant.

2        14.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged

3    in this Complaint, Defendants, and each of them, combined their property, skill, or knowledge to carry

4    out a single business undertaking and agreed to share the control, profits, and losses.

5

6        15.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged

7    in this Complaint, each Defendant was the co-conspirator, agent, servant, employee, assignee, and/or

8    joint venturer of each of the other Defendants and was acting within the course and scope of said

9    conspiracy, agency, employment, assignment, and/or joint venture and with the permission and consent

10   of each of the other Defendants.

11

12       16.    Whenever reference is made in this Complaint to any act of any corporate or other

13   business Defendant, that reference shall mean that the corporation or other business did the acts alleged

14   in this Complaint through its officers, directors, employees, agents, and/or representatives while they

15   were acting within the actual or ostensible scope of their authority.

16

17       17.    At all relevant times alleged in this Complaint, each Defendant has committed the

18   acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to

19   commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make,

20   the untrue or misleading statements alleged in this Complaint.  Whenever reference is made in this

21   Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually

22   and jointly with the other Defendants.  The term "Defendants" wherever used in this Complaint shall

23   mean all named defendants.

24

25                                   **JOINT VENTURE**

26       18.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged

27   in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry

28

1 | out a single business undertaking and agreed to share the control, profits, and losses.

2 |         19.    Specifically, Plaintiff is informed, believes and thereon alleges, that:

3 |         a.    PROVEST is engaged in the business of manufacturing and selling process

4 | server returns and other debt collection related activities in the State of California. Through the

5 | use of the U.S. Mail, telephone, and the internet, PROVEST advertises and markets process

6 | service and other legal support services to attorneys, law firms, debt collectors, government

7 | agencies, and the general public. PROVEST provides the telephones, facsimile machines,

8 | computers, software, and other equipment, support staff, and facilities used by TORRES and the

9 | enterprise for their process server return manufacturing activities. PROVEST composes the

10 | process server returns sold by the enterprise using their computer systems and the data which is

11 | input into the computer systems via a website (www.provest.com) by their customers, like

12 | Gurstel Law Firm, P.C., and its process server agents, like TORRES. PROVEST also acts as the

13 | public face for the enterprise through its advertising, marketing, customer support, and customer

14 | billing for the enterprise's services. PROVEST provides TORRES and the enterprise with a

15 | physical address and the marketing, customer billing, computers, and other support

16 | infrastructure that was needed to manufacture and sell Proof of Service of Summons documents

17 | to Gurstel Law Firm, P.C., for use in the lawsuit against Plaintiff. PROVEST provides

18 | advertising, marketing, a physical address and their support staff, equipment, and facilities to the

19 | enterprise, and in return receives a share of the profits realized by the enterprise from their

20 | process server return manufacturing activities. Notwithstanding their use of PROVEST's

21 | mailing address and telephone number on the process server returns manufactured and sold by

22 | the enterprise, Plaintiff is informed, believes and thereon alleges, that PROVEST will not accept

23 | service of process for TORRES or any of its other process server agents, thereby acting as a

- 7 -
COMPLAINT

1   litigation shield should one of their process server agents be sued for their unlawful activities.

2           b.    TORRES is an individual and is, or was at all relevant times, allegedly a

3   registered process server in Santa Clara County, California. TORRES lent his/her name,

4   signature, and the ostensible legitimacy of his/her process server registration number to the

5   

6   enterprise for use on the <u>Proof of Service of Summons</u> that was manufactured and sold to

7   Gurstel Law Firm, P.C. and used in the lawsuit against Plaintiff. TORRES and other registered

8   process servers provide the facial legitimacy of their process server registrations to the

9   enterprise, and in return receive a share of the profits realized by the enterprise from their

10  process server return manufacturing activities. Without TORRES and other registered process

11  servers, and the facial legitimacy of their registration numbers, PROVEST could not market and

12  sell process server returns like the <u>Proof of Service of Summons</u> document that was

13  manufactured and sold to Gurstel Law Firm, P.C., for use in the lawsuit against Plaintiff.

14        20.    Plaintiff is informed, believes and thereon alleges, that process server services are

15  an integral part of PROVEST's business and that PROVEST could not offer such services without its

16  process server agents, like TORRES.

17  

18  **AIDING AND ABETTING**

19  

20        21.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged

21  in this Complaint, PROVEST aided and abetted the fraud, perjury, breach of official duty, and other

22  wrongful acts committed by TORRES.

23        22.    Plaintiff is informed, believes and thereon alleges, that PROVEST marketed its

24  <u>Proof of Service of Summons</u> product to law firms, debt collectors, government agencies, and the

25  general public, including Gurstel Law Firm, P.C., as a legitimate and lawful service. Plaintiff is

26  informed, believes and thereon alleges, that PROVEST represented or implied in their advertising,

27  

28

marketing, and other materials that PROVEST would ensure that the official court process entrusted to them would be duly, faithfully, and lawfully served and delivered to lawsuit defendants, including the Plaintiff.

23.    Plaintiff is informed, believes and thereon alleges, that instead of duly, faithfully and lawfully delivering and serving the official court process entrusted to it, PROVEST enlisted TORRES and other registered process servers to manufacture process server returns – like the Proof of Service of Summons document that was sold to Gurstel Law Firm, P.C., and used in the lawsuit against the Plaintiff in this case.

24.    Plaintiff is informed, believes and thereon alleges, that PROVEST willingly, knowingly, and intentionally provides its registered agent process servers, like TORRES, with a business mailing address and telephone number for use on the process server returns that the enterprise manufactures and sells, like the Proof of Service of Summons document that was sold to Gurstel Law Firm, P.C., and used in the state court lawsuit against the Plaintiff in this case, and by intentionally withholding TORRES's true address and telephone number, PROVEST aided and abetted the fraud, perjury, breach of official duty, and other wrongful acts committed by TORRES against Plaintiff.

25.    Plaintiff is informed, believes and thereon alleges, that PROVEST authorized, used, and ratified the use of its mailing address and telephone number on process server returns manufactured and sold by the enterprise with the intent to shield its process server agents, like TORRES, from service of process should they be sued for their unlawful activities. Notwithstanding their use of PROVEST's mailing address and telephone number on the process server returns manufactured and sold by the enterprise, Plaintiff is informed, believes and thereon alleges, that PROVEST will not accept service of process for TORRES or any of its other process server agents when service of process is attempted at the address provided on its Proof of Service of Summons

1  documents.

2      26.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged

3  in this Complaint, PROVEST knew that fraud, perjury, breach of official duty, and other wrongful acts

4  were being committed by TORRES against the Plaintiff and others. In fact, PROVEST gave substantial

5

6  assistance and encouragement to TORRES by producing fully completed Proof of Service of Summons

7  documents which contain TORRES's name and process server registration number and PROVEST's

8  mailing address and telephone number instead of TORRES's address and telephone number.

9      27.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged

10  in this Complaint, PROVEST effectively controlled its process server agents, including TORRES, by

11

12  *inter alia*:

13          a.    choosing which assignments each process server agent will receive (i.e.,

14  controlling what work must be performed by a specific individual);

15          b.    requiring personal performance of the tasks assigned to its process server

16  agents (i.e., controlling what work must be performed by a specific individual);

17          c.    forbidding or severely restricting its process server agents' ability to

18  substitute or assign their performance of the assigned tasks (i.e., controlling what work must be

19  performed by a specific individual);

20

21          d.    requiring detailed reporting to PROVEST of all service attempts made by

22  their process server agents (i.e., controlling the manner in which the assigned tasks are

23  performed and requiring regular written reports);

24

25          e.    requiring the use of PROVEST's computer systems and software (e.g., PSO

26  Mobile) for the performance of their process server agents' assigned duties (i.e., controlling

27  what tools and equipment must be used to perform the assigned tasks and the manner in which

28

1    the assigned tasks are performed), and

2              f.    requiring its process server agents maintain specified minimum automobile

3    liability insurance and professional liability insurance coverage, that PROVEST be named as as

4
     additional insured in all such insurance policies, and requiring immediate notification from its
5

6    process server agents should said insurance policies be canceled or not renewed (i.e., controlling

7    business practices and decisions).

8              28.    Through the use of the GPS tracking devices all PROVEST process server agents

9    are required to carry, and the real-time reporting and tracking data that these devices provide,

10
     PROVEST is able to track in real-time the movements of all its process server agents.
11

12             29.    Plaintiff is informed, believes and thereon alleges, that PROVEST's conduct was a

13   substantial factor in causing the harm to Plaintiff. PROVEST should be held responsible as an aider and

14   abettor for the fraud, breach of official duty, and other wrongful acts committed by TORRES against

15   the Plaintiff.

16                                    **RATIFICATION**

17
               30.    Plaintiff is informed, believes and thereon alleges, that PROVEST is responsible
18

19   for the harm caused by TORRES's unlawful conduct because PROVEST approved TORRES's

20   unlawful conduct after it occurred.

21             31.    Plaintiff is informed, believes and thereon alleges, that TORRES intended to act

22   on behalf of PROVEST when he/she accepted the assignments from PROVEST to serve court process
23

24   on Plaintiff.

25             32.    Plaintiff is informed, believes and thereon alleges, that TORRES intended to act

26   on behalf of PROVEST when he/she subsequently failed to serve the court process on Plaintiff that had

27   been entrusted to him/her and instead provided false and fraudulent information to PROVEST

28

1  regarding the completion of his/her assignment.

2         33.    Plaintiff is informed, believes and thereon alleges, that PROVEST learned of

3  TORRES's failure to faithfully serve the state court process that PROVEST had entrusted to him/her

4  after it occurred.

5

6         34.    Plaintiff is informed, believes and thereon alleges, that PROVEST approved

7  TORRES's unlawful conduct by voluntarily keeping the benefits of TORRES's unlawful conduct after

8  learning of the conduct.

9         35.    Plaintiff is informed, believes and thereon alleges, that PROVEST approved

10  TORRES's unlawful conduct as alleged in this case by continuing to employ TORRES and continuing

11  
12  to assign process server assignments to TORRES after learning that TORRES had engaged in sewer

13  service.

14         36.    As a result of PROVEST's ratification of TORRES's unlawful conduct,

15  PROVEST is liable to Plaintiff for all damages alleged in this case.

16  **NONDELEGABLE DUTY**

17         37.    California Business and Professions Code § 22356 provides as follows:

18  
19      A registrant shall be responsible at all times for the good conduct of his or her
    employees acting within the course or scope of their employment, and any person acting

20      as an independent contractor within the course or scope of the agency relationship with
    the registrant.

21

22         38.    By enacting this statute, the California legislature sought to implement specific

23  safeguards for the general public to insure that process server agencies like PROVEST faithfully and

24  honestly carry out their responsibilities to the courts of California and to the general public.

25         39.    Plaintiff is informed, believes and thereon alleges, that TORRES was acting

26  within the course and scope of his/her employment/agency relationship with PROVEST at all times

27  
28  alleged in this Complaint.

40.   PROVEST had a nondelegable duty to Plaintiff to ensure that the state court process entrusted to it was faithfully served on Plaintiff, and that its employees and agents did not engage in sewer service.

41.   Because PROVEST could not delegate to TORRES its duty to faithfully and honestly serve Plaintiff with the state court process entrusted to it, PROVEST is liable to Plaintiff for all damages alleged in this case.

## FACTUAL ALLEGATIONS

42.   On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by First National Bank of Omaha (hereinafter the "debt"). Plaintiff generally denies that any debt is owed. The debt was incurred primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

43.   Sometime thereafter, on a date unknown to Plaintiff, Plaintiff was no longer able to make the payments on the debt and defaulted.

44.   Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed, or otherwise assigned to Gurstel Law Firm, P.C., for collection from Plaintiff.

45.   Thereafter, on or about April 16, 2019, Gurstel Law Firm, P.C., filed a lawsuit against Plaintiff in the Superior Court of Santa Clara County, captioned *Absolute Resolutions Investment, LLC v. Bruno Fleming*, Santa Clara Case No. 19CV346373 (hereinafter "the collection action"), in an attempt to collect the defaulted consumer debt.

46.   Plaintiff is informed and believes, and thereon alleges, that Gurstel Law Firm, P.C., thereafter engaged Defendants to duly and faithfully serve legal process in the collection action

1    upon Plaintiff by delivering a copy of the court Summons and Complaint.

2        47.   Plaintiff is informed and believes, and thereon alleges that on or about April 2,

3    2020, Defendants composed a document titled Proof of Service of Summons in which Defendants

4    represented, under penalty of perjury, that TORRES had personally served Plaintiff with a copy of the

5    Summons, Complaint, and related documents in the collection action on March 21, 2020, at 1:59 p.m.

6

7        48.   Thereafter, Defendants caused the Proof of Service of Summons to be filed with

8    the Clerk of the Superior Court in the collection action on April 7, 2020. A true and correct copy of the

9    Proof of Service of Summons filed in the collection action is attached hereto, marked as Exhibit "1,"

10   and by this reference is incorporated herein.

11

12       49.   Despite the representations made by Defendants in their Proof of Service of

13   Summons (Exhibit "1"), Plaintiff was not served with a copy of the Summons and Complaint in the

14   collection action, by personal service or otherwise. The Proof of Service of Summons document

15   composed by Defendants appears facially valid – indeed, Defendants' very purpose is to pass facial

16   review – hoping the fraud goes undetected until the debtor discovers the fraudulent proof of service

17   after a default judgment has been entered.

18

19       50.   Plaintiff is informed and believes, and thereon alleges that the address used on the

20   Proof of Service of Summons (Exhibit "1"), (i.e., 4241 Jutland Drive, Suite 203, San Diego, CA 92117)

21   was, at all relevant times alleged herein, the business address of PROVEST and not the address of

22   TORRES as represented in the document.

23

24       51.   Plaintiff is informed and believes, and thereon alleges that the telephone number

25   used on the Proof of Service of Summons (Exhibit "1"), (i.e., 877-789-6846) was, at all relevant times

26   alleged herein, the business telephone number of PROVEST and not the telephone number of TORRES

27   as represented in the document.

28

- 14 -
COMPLAINT

52.    Plaintiff is informed and believes, and thereon alleges that Defendants knowingly and willfully composed and sold to Gurstel Law Firm, P.C., the Proof of Service of Summons (Exhibit "1") containing false statements regarding their service of court process in the collection action.

53.    According to the Proof of Service of Summons (Exhibit "1"), Defendants, acting together, sold the process server return to Gurstel Law Firm, P.C., for $75.00.

54.    Despite the representations made by TORRES and PROVEST in the Proof of Service of Summons (Exhibit "1"), Plaintiff was never served with process in the collection action.

55.    Thereafter, on or about October 12, 2020, Plaintiff received a Request for Entry of Default in the mail which stated there was a Judgment pending against him. This was Plaintiff's first notice that a lawsuit had been filed against him. Upon learning about the collection lawsuit, Plaintiff promptly sought the assistance of the attorneys at Consumer Law Center, Inc., in San Jose, California.

56.    Plaintiff remained in ignorance of Defendants' wrongful conduct and fraud until October 12, 2020, through no lack of diligence on his part; Defendants' wrongful conduct and fraud prevented Plaintiff from discovering Defendants' sewer service sooner than he did.

**PROVEST's Business Practices**

57.    Plaintiff is informed and believes, and thereon alleges that PROVEST composes and sells process server returns, like the Proof of Service Summons (Exhibit "1") in this case, on a flat rate or fixed fee basis. Plaintiff is informed and believes, and thereon alleges that PROVEST pays its process servers using a similar flat rate or fixed fee compensation system. Plaintiff is informed and believes, and thereon alleges that PROVEST will pay TORRES and other process servers only for successful service attempts (i.e., service attempts which result in a completed serve being reported) and will pay substantially less or nothing at all for failed service attempts (i.e., service attempts that do not result in a successful completed serve being reported). Because PROVEST's process servers are not

paid for unsuccessful service attempts, process servers like TORRES have a strong financial incentive to falsify process server returns. Plaintiff is informed and believes, and thereon alleges that PROVEST knowingly promotes the false reporting of actual service by its process server agents through its flat rate or fixed fee compensation system.

58.     Plaintiff is informed and believes, and thereon alleges that PROVEST charges a flat fee that is substantially less than the true costs of proper service in many cases. Plaintiff is informed and believes, and thereon alleges that PROVEST's lower rates can only be achieved by use of a flat rate or fixed fee compensation system for its process servers. Such business practices create a rush to the bottom by forcing competitors to lower the fees paid to their more scrupulous process servers or go out of business. More false process server returns from all process server agencies is the inevitable result of such anti-competitive business practices. Plaintiff is informed and believes, and thereon alleges that PROVEST effectively sells sewer service, by underbidding the true costs of proper service.

59.     Debt collection law firms and debt buyers plainly benefit from the sewer service provided by unscrupulous process servers like Defendants in this case. By not serving consumer debt defendants, debt collectors like Gurstel Law Firm, P.C., and debt buyers like Absolute Resolutions Investment, LLC, are able to generate thousands of judgments by default. Once default judgments are fraudulently obtained, they are used to levy consumers' bank accounts, garnish their wages, seize their property, damage their credit reports, and/or pressure them into unaffordable payment plans.

60.     Plaintiff is informed and believes, and thereon alleges that Defendants' composition and sale of perjured Proof of Service of Summons (Exhibit "1") document violates California Code of Civil Procedure § 417.10.

61.     Under California law, the return of a registered process server "establishes a presumption, affecting the burden of producing evidence, of the facts stated in the return."[9] "The effect

---
[9]  Cal. Evidence Code § 647.

1    of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the

2    existence of the presumed fact unless and until evidence is introduced which would support a finding of

3    its nonexistence..."[10] Defendants' composition and sale of perjured process server returns, like the

4
5    Proof of Service of Summons (Exhibit "1") document in this case, is facilitated and aided by the

6    evidentiary presumption California law provides to faithful process servers. In fact, Defendants in this

7    case are perversely protected by, and rely on, the extreme procedural and evidentiary burdens that are

8    imposed on litigants who are the victims of sewer service. Such litigants are faced with the nearly

9    impossible "burden of providing strong and convincing evidence of non-service."[11] Because "a mere

10
11   allegation that process was not served, without some additional showing of evidence is insufficient to

12   refute the validity of an affidavit of service,"[12] victims of sewer service, like Plaintiff in this case, are

13   ultimately required to prove a negative;[13] they must prove that an event never occurred; and their own

14   sworn testimony of non-service is not enough to meet their evidentiary burden under California law.

15   Because of this procedural and evidentiary imbalance, the unlawful conduct alleged in this Complaint is

16   particularly reprehensible.

17
18          62.   Plaintiff is informed and believes, and thereon alleges, that Defendants have

19   composed and sold false and misleading Proof of Service of Summons documents in the form of

20   Exhibit "1" more than 40 times in California in the one year preceding the filing of this Complaint.

21   Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

22                              **FIRST CAUSE OF ACTION**

23
24                          **(Fair Debt Collection Practices Act)**

25          63.   Plaintiff brings the first cause of action against Defendants under the Fair Debt

26   [10] Cal. Evidence Code § 604.
     [11] *Collagen Nutraceuticaks, Inc. v. Neocell Corp.*, 2010 U.S. Dist. LEXIS 98229 at *3-4.
27   [12] *Id.*
28   [13] *Elkins v. United States*, 364 U.S. 206, 218 (1960) ("as a practical matter it is never easy to prove a negative").

Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

64. Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

65. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

66. Defendant, PROVEST, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

67. Defendant, PROVEST, is not subject to, and cannot claim, the exemption provided by 15 U.S.C. § 1692a(6)(D).

68. Defendant, TORRES, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

69. Defendant, TORRES, is not subject to, and cannot claim, the exemption provided by 15 U.S.C. § 1692a(6)(D).

70. The financial obligation sought to be collected from Plaintiff in the collection action is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

71. Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

a. Manufacturing and selling a fraudulent Proof of Service Summons that falsely stated that Plaintiff was personally served with the court Summons and Complaint when in fact he was not;

b. Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of defaulted consumer debts; and

- 18 -
COMPLAINT

1

        c.    Aiding, abetting and ratifying the fraud, perjury, breach of official duty, and

2

other wrongful acts committed by the other Defendants in this case.

3

     72.    Defendants' acts as described above were done intentionally with the purpose of

4

coercing Plaintiff to pay the debt.

5

6

     73.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an

7

award of actual damages in an amount to be determined at trial, pursuant to 15 U.S.C.§ 1692k(a)(1).

8

     74.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an

9

award of statutory damages in an amount not to exceed one thousand dollars ($1,000), pursuant to 15

10

U.S.C.§ 1692k(a)(2)(i).

11

12

     75.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to

13

reasonable attorneys fees and costs, pursuant to 15 U.S.C.§ 1692k(a)(3).

14

**SECOND CAUSE OF ACTION**

15

**(Rosenthal Fair Debt Collection Practices Act)**

16

     76.    Plaintiff brings the second cause of action against Defendants under the California

17

18

Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

19

     77.    Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs

20

as though fully set forth herein.

21

     78.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §

22

1788.2(h).

23

     79.    Defendant, PROVEST, is a "debt collector" as that term is defined by the

24

25

RFDCPA, Cal. Civil Code § 1788.2(c).

26

     80.    Defendant, TORRES, is a "debt collector" as that term is defined by the RFDCPA,

27

Cal. Civil Code § 1788.2(c).

28

81.   The financial obligation sought to be collected from Plaintiff in the collection action is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

82.   Defendants violated the RFDCPA, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a), and 1788.17 by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

      a.   Manufacturing and selling a fraudulent <u>Proof of Service of Summons</u> that falsely stated that Plaintiff was personally served with the court Summons and Complaint when in fact he was not;

      b.   Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of defaulted consumer debts; and

      c.   Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

83.   Defendants' acts as described above were done willfully and knowingly, with the purpose of coercing Plaintiff to pay the debt, as that term is defined by Cal. Civil Code § 1788.30(b).

84.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code §§ 1788.17[14] and 1788.30(a).

85.   As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

86.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000) against each

---

[14] 15 U.S.C. § 1692k(a)(1).

1  Defendant, pursuant to Cal. Civil Code § 1788.17.[15]

2         87.  As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an

3  award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[16]

4
          88.  Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA
5
6  are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff

7  may have under any other provision of law.

8  **REQUEST FOR RELIEF**

9      Plaintiff request that this Court:

10
11     a) Assume jurisdiction in this proceeding;

12     b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§

13        1692d, 1692e, 1692e(2), 1692e(10), and 1692f;

14     c) Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal.

15        Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a), and 1788.17;

16     d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15
17
18        U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

19     e) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15

20        U.S.C. § 1692k(a)(2)(A);

21     f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than
22
          $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);
23
24     g) Award Plaintiff statutory damages in an amount not to exceed $1,000 against each

25        Defendant, pursuant to Cal. Civil Code § 1788.17;[17]

26     h) Award Plaintiff the costs of this action and reasonable attorneys fees, pursuant to 15

---

27  [15]  15 U.S.C. § 1692k(a)(2)(A).
   [16]  15 U.S.C. § 1692k(a)(3).
28  [17]  15 U.S.C. § 1692k(a)(2)(A).

- 21 -
COMPLAINT

U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[18] and 1788.30(c); and

i)   Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

Dated:  April 2, 2021

By: _____
☑ Fred W. Schwinn (SBN 225575)
☐ Raeon R. Roulston (SBN 255622)
☐ Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
1435 Koll Circle, Suite 104
San Jose, California  95112-4610
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
BRUNO FLEMING

---

[18]  15 U.S.C. § 1692k(a)(3).

19CV346373                                                                    **POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gloria Zarco (199702) Rachel Haney (308259) Kimberlee Tsai (227426)<br>Gurstel Law Firm P.C. (CA)<br>9320 E RAINTREE DRIVE, SCOTTSDALE, AZ 85260<br>TELEPHONE NO.: 4809669300x303       FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* r.mcnamee@gurstel.com<br>ATTORNEY FOR *(Name):* Absolute ResolutionsInvestments, LLC | **System System**<br><br>**Electronically Filed**<br>**by Superior Court of CA,**<br>**County of Santa Clara,**<br>**on 4/7/2020 12:07 PM**<br>**Reviewed By: System System**<br>**Case #19CV346373**<br>**Envelope: 4235235** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N FIRST ST.
MAILING ADDRESS:
CITY AND ZIP CODE: SAN JOSE, 95113
BRANCH NAME: DOWNTOWN SUPERIOR COURT SAN JOSE

| | |
|---|---|
| PLAINTIFF/PETITIONER: Absolute ResolutionsInvestments, LLC<br><br>DEFENDANT/RESPONDENT: Bruno Fleming | CASE NUMBER:<br>19CV346373 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>3455138 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. [X] summons
   b. [X] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

   **EXHIBIT**
   **1**

3. a. Party served *(specify name of party as shown on documents served):*

   **Bruno Fleming**
   Male, White, Brown hair, Approx. Age: 36 years, Approx. Height: 5 ft 10 in., Approx. Weight: 185 lbs.

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   1299 Leigh Ave Apt 19; San Jose, CA 95126

5. I served the party *(check proper box)*

   a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party  (1) on *(date):* 03/21/2020       (2) at *(time):* 01:59 PM

   b. [ ] by substituted service. On *(date):*       at *(time):*       I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business
         of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual
         place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing
         address of the person to be served, other than a United States Postal Service post office box. I informed
         him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
         at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
         *(date):*       from *(city):*       or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Absolute Resolutions Investments, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Bruno Fleming | 19CV346373 |

5.  c. [ ]  by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                   (2) from *(city):*

   (3) [ ]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) [ ]  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ]  by other means *(specify means of service and authorizing code section):*

      [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [X]  as an individual defendant.
  b. [ ]  as the person sued under the fictitious name of *(specify):*
  c. [ ]  as occupant.
  d. [ ]  On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| [ ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7.  Person who served papers
  a. Name: **ProVest California LLC Registration No.:1539 Registration County: San Diego**
  b. Address: **4241 Jutland Drive Suite 203, San Diego, CA 92117**
  c. Telephone number: **877-789-6846**
  d. The fee for service was: **$75.00**
  e. I am:
    (1) [ ]  not a registered California process server.
    (2) [ ]  exempt from registration under Business and Professions Code section 22350(b).
    (3) [X]  a registered California process server: HECTOR TORRES
      (i) [ ] owner [ ] employee [X] independent contractor.
      (ii)  Registration No.: 1539, **100381913**
      (iii)  County: **SANTA CLARA**

8.  [X]  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  [ ]  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **04/02/2020**

HECTOR TORRES          ▶             (SIGNATURE)

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

ZICV381619

V. Taylor

**ATTACHMENT CV-5012**

## CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER:                    21CV381619

---

### PLEASE READ THIS ENTIRE FORM

---

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

---

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.* You may ask to appear by telephone - see Local Civil Rule 8.

| | | | |
|---|---|---|---|
| Your Case Management Judge is: | Rudy, Christopher G | | Department: 7 |
| The 1st CMC is scheduled for: (Completed by Clerk of Court) | | | |
| Date: 8/10/21 | | Time: 2:15pm | in Department: 7 |
| The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed) | | | |
| Date: | | Time: | in Department: |

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

CV-5012 REV 08/01/16                    **CIVIL LAWSUIT NOTICE**                    Page 1 of 1

CEB® Essential
ceb.com Forms™

# EXHIBIT B

EXHIBIT B

**POS-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Fred Schwinn, 225575
Consumer Law Center, Inc.
1435 Koll Circle, Suite 104
San Jose, CA 95112
TELEPHONE NO.: (408)294-6100 Ext 111
ATTORNEY FOR *(Name):* Plaintiff

FOR COURT USE ONLY

System System

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 5/12/2021 2:06 PM
Reviewed By: System System
Case #21CV381619
Envelope: 6430580

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Santa Clara County
191 N. First Street
San Jose, CA 95113-1090

PLAINTIFF/PETITIONER: Bruno Fleming

DEFENDANT/RESPONDENT: Provest California, LLC, et al.

CASE NUMBER:
21CV381619

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
Fleming 21CV381619

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Summons, Complaint, Civil Lawsuit Notice,

3. a. Party served:  Provest California, LLC, a Delaware limited liability company

   b. Person Served: CSC - Susie Vang - Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 Gateway Oaks Drive, Suite 150N
                                        Sacramento, CA 95833
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 05/11/2021          (2) at  (time): 1:25PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Provest California, LLC, a Delaware limited liability company
   under: Other: Limited Liability Company

7. **Person who served papers**
   a. Name:        Tyler Anthony DiMaria
   b. Address:     One Legal - P-000618-Sonoma
                   1400 North McDowell Blvd, Ste 300
                   Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3) registered California process server.
         (i)  Employee or independent contractor.
         (ii) Registration No.:2006-06
         (iii) County:  Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  05/11/2021

Tyler Anthony DiMaria
(NAME OF PERSON WHO SERVED PAPERS)

(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]
**PROOF OF SERVICE OF SUMMONS**
Code of Civil Procedure, § 417.10

OL# 16287424

# EXHIBIT C

EXHIBIT C

DAVID S. EISEN, ESQ. (State Bar No. 100623)
JESSICA R. K. DORMAN, ESQ. (State Bar No. 279919)
**WILSON, ELSER, MOSKOWITZ,**
   **EDELMAN & DICKER LLP**
401 West A Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 321-6200
Facsimile: (619) 321-6201
Email:  david.eisen@wilsonelser.com
       jessica.dorman@wilsonelser.com

Attorneys for Defendants ProVest California, LLC and Hector Torres

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| BRUNO FLEMING,<br><br>              Plaintiff,<br><br>   vs.<br><br>PROVEST CALIFORNIA, LLC, a Delaware limited liability company; HECTOR TORRES, individually and in his official capacity; and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No. 21CV381619<br><br>**DEFENDANTS PROVEST CALIFORNIA, LLC AND HECTOR TORRES'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Judge:      Hon. Christopher G. Rudy<br>Dept.:       7<br>Action Date:  April 2, 2021<br>Trial Date:  *not set* |

      Defendants, ProVest California, LLC and Hector Torres (hereinafter referred to as "these answering defendants") hereby answers the Complaint of the Plaintiff as follows:

## I.

## <u>GENERAL DENIAL</u>

      Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, these answering defendants deny generally and specifically each, every and all of the allegations in said complaint, and the whole thereof, including each and every purported cause of action contained therein. These answering defendants further deny that plaintiff has or will sustain damages in the amount alleged or in any amount whatsoever.

/ / /

## II.

## AFFIRMATIVE DEFENSES

**AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ARE INFORMED AND BELIEVE AND THEREON ALLEGE AS FOLLOWS:**

COMPARATIVE NEGLIGENCE OF PLAINTIFF

These answering defendants deny any wrongdoing, negligence, carelessness, fault or liability on their part. However, should it be determined that these answering defendants are liable, then these answering defendants further allege that plaintiff also contributed to his own alleged injuries, losses and damages, and by virtue thereof, these answering defendants ask that any judgment entered against them be proportionately reduced to the extent that plaintiff's negligence legally contributed to the happening of the subject incident and to any injuries, losses or damages sustained by plaintiff, if any there were. That to assess any greater percentage of fault and damages against this answering defendant in excess of their percentage of fault would be contrary to California law and a denial of equal protection and due process which are guaranteed by the constitutions of the State of California and the United States, respectively.

**AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ARE INFORMED AND BELIEVE AND THEREON ALLEGE AS FOLLOWS:**

COMPARATIVE FAULT

That any injuries or damages which may have been sustained by Plaintiff were the legal result of the negligence or conduct of third parties. For this reason, if Plaintiff has been damaged, aside from any reduction of damages attributable to his own negligence, the damages must be apportioned among the third parties in proportion to their respective degrees of fault.

**AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ARE INFORMED AND BELIEVE AND THEREON ALLEGE AS FOLLOWS:**

FAILURE TO NAME INDISPENSIBLE PARTIES

The Complaint fails to identify and name indispensable parties to this action.

/ / /

/ / /

**AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE
DEFENSE, THESE ANSWERING DEFENDANTS ARE INFORMED
AND BELIEVE AND THEREON ALLEGE AS FOLLOWS:**

NOT RESPONSIBLE FOR DOES

Plaintiff has failed to identify the names or capacities of any DOE Defendants beyond broad allegations and therefore, these answering defendants necessarily assert and allege they are not legally responsible for the acts and/or omissions of those unknown, unspecified, defendants named therein as DOES.

**AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE
DEFENSE, THESE ANSWERING DEFENDANTS ARE INFORMED
AND BELIEVE AND THEREON ALLEGE AS FOLLOWS:**

FAILURE TO STATE A CAUSE OF ACTION

These answering defendants allege the complaint and the whole thereof, including each and every purported  cause of action alleged therein, fails to state a cause of action against defendant(s) in that defendants' conduct at all relevant times was justified, fair, reasonable, and lawful under the circumstances

**AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE
DEFENSE, THESE ANSWERING DEFENDANTS ARE INFORMED
AND BELIEVE AND THEREON ALLEGE AS FOLLOWS:**

STATUTE OF LIMITATIONS

That as against these answering defendants, Plaintiff's action is barred by the applicable statute(s) of limitation.

**AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE
DEFENSE, THESE ANSWERING DEFENDANTS ARE INFORMED
AND BELIEVE AND THEREON ALLEGE AS FOLLOWS:**

LACK OF STANDING

These answering defendants allege that Plaintiff lacks standing to bring the instant Complaint because Plaintiff has not suffered any cognizable injury in fact sufficient to establish standing.

/ / /

/ / /

/ / /

3

1
2

**AS AND FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ARE INFORMED AND BELIEVE AND THEREON ALLEGE AS FOLLOWS:**

3

FAILURE TO MITIGATE

4

The plaintiff has failed to exercise reasonable care and diligence to avoid loss and to

5

minimize damages and, therefore, plaintiff may not recover for losses which could have been

6

prevented by reasonable efforts on his own part, or by expenditures that might reasonably have

7

been made. Therefore, plaintiff's recovery, if any, should be reduced by the failure of the plaintiff

8

to mitigate his damages.

9
10

**AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ARE INFORMED AND BELIEVE AND THEREON ALLEGE AS FOLLOWS:**

11

FAILURE TO STATE FDCPA CLAIM

12
13

As a separate, affirmative defense, Defendants allege that Plaintiff fails to state a claim

14

upon which relief may be granted; the alleged actions of Defendants were proper and did not

violate any provisions of 15 U.S.C. 1692 et seq. ("FDCPA"),

15
16

**AS AND FOR A TENTH SEPARATE AND AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ARE INFORMED AND BELIEVE AND THEREON ALLEGE AS FOLLOWS:**

17
18

FAILURE TO STATETE ROSENTHAL ACT CLAIM

19

As a separate, affirmative defense, Defendants allege that Plaintiff fails to state a claim

20

upon which relief may be granted; the alleged actions of Defendants were proper and did not

21

violate any provisions of *California Civil Code* §1788, et seq. ("Rosenthal Act").

22
23

**AS AND FOR AN ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ARE INFORMED AND BELIEVE AND THEREON ALLEGE AS FOLLOWS:**

24

BONA FIDE ERROR

25

These answering defendants expressly deny that they violated or are otherwise liable under

26

the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Nevertheless,

27

Defendants maintained reasonable procedures created to prevent any type of intentional violations

28

of the FDCPA and RFDCPA and any alleged violation of the FDCPA by these answering

defendants would have been unintentional, resulting from a bona fide error made in good faith, and occurring despite these answering defendants' processes and procedures that were reasonably designed and actually implemented to avoid any such alleged error.

**AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ARE INFORMED AND BELIEVE AND THEREON ALLEGE AS FOLLOWS:**

ANY ALLEGED VIOLATION WAS CURED

As a separate, affirmative defense, Defendants allege that within 15 days of discovering any alleged violation, Defendants made whatever adjustments or corrections were necessary to cure the violation with respect to Plaintiff pursuant to *Civil Code* §1788.30(d).

**AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ARE INFORMED AND BELIEVE AND THEREON ALLEGE AS FOLLOWS:**

NO BREACH OF DUTY

As a separate, affirmative defense, Defendants did not breach any legal duty to Plaintiff. The laws in the State of California provide sufficient protections for persons such as Plaintiff who dispute service of process.

**AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ARE INFORMED AND BELIEVE AND THEREON ALLEGE AS FOLLOWS:**

RES JUDICATA

The complaint and every purported cause of action is barred by the doctrine of res judicata. The present complaint constitutes an attempt by plaintiff to address matters previously litigated in *Absolute Resolutions Investments, Inc. vs. Bruno Fleming*, Santa Clara Superior Court, Case No. 19-CV-346373.

**AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ARE INFORMED AND BELIEVE AND THEREON ALLEGE AS FOLLOWS:**

RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

These answering defendants presently have insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, affirmative defenses.

5

1   Answering defendants reserve the right to assert additional affirmative defenses in the event
2   discovery indicates it would be appropriate.

3                                                    **III.**

4                                                **PRAYER**

5          WHEREFORE, these answering defendants pray that Plaintiff take nothing by way of his
6   Complaint on file herein, that judgment be entered in the within action in favor of answering
7   defendant and against the Plaintiff upon the issues of the Complaint, together with an award to this
8   answering defendant of costs of suit herein incurred, attorneys fees' and such other and further
9   relief as the Court deems just.

10                                                  **IV.**

11                                   **DEMAND FOR JURY TRIAL**

12         Notice is hereby given that Defendants Provest California, LLC and Hector Torres
13  demands a jury trial in this action.

14

15  Dated:  June 10, 2021                    **WILSON, ELSER, MOSKOWITZ,**
                                             **EDELMAN & DICKER LLP**
16

17                                           By: _Jessica R. K. Dorman_____
18                                               David S. Eisen, Esq.
                                                 Jessica R. K. Dorman, Esq.
19                                               Attorneys for Defendants Provest California, LLC
                                                 and Hector Torres
20

21

22

23

24

25

26

27

28

1    *Bruno Fleming v. Provest California, LLC, et al.*
     Santa Clara Superior Court Case No. 21CV381819

2

3    **PROOF OF SERVICE**
     [CCP 1013A (3) and 2015.5]

4         I, the undersigned, am employed in the county of San Diego, State of California.  I am over
     the age of 18 and not a party to the within action; my business address is 401 West A Street, Suite

5    1900, San Diego, California, 92101.

6         On June 10, 2021, I caused to be served the following document(s) described as follows:

7    **DEFENDANTS PROVEST CALIFORNIA, LLC AND HECTOR TORRES'S ANSWER TO
     PLAINTIFF'S COMPLAINT**

8

     on the parties in this action by placing a true copy in a sealed envelope addressed as follows:
9

          **SEE ATTACHED SERVICE LIST**
10

11   ☐    **PERSONAL SERVICE** - I served the documents by placing them in an envelope or
          package addressed to the persons at the addresses listed below, and providing them to a

12        professional messenger service for service.  (A confirmation by the messenger will be
          provided to our office after the documents have been delivered.)

13   ☒    **BY MAIL** - As follows:  I am "readily familiar" with the firm's practice of collection and
          processing correspondence for mailing.  Under that practice it would be deposited with the

14        U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego,
          California in the ordinary course of business.  The envelope was sealed and placed for

15        collection and mailing on this date following our ordinary practices.  I am aware that on
          motion of the party served, service is presumed invalid if postal cancellation date or postage

16        meter date is more than one day after date of deposit for mailing in affidavit.

17   ☐    **BY FAX** - As follows:  I personally sent to the addressee's telecopier number a true copy of
          the above-described documents.  Thereafter I sent a true copy in a sealed envelope

18        addressed and mailed as indicated below.

19   ☐    **OVERNIGHT MAIL** - As follows:  I am "readily familiar" with the firm's practice of

20        processing correspondence for mailing overnight via Federal Express. Under that practice it
          would be deposited in a Federal Express drop box, indicating overnight delivery, with

21        delivery fees provided for, on that same day, at San Diego, California.

22   ☐    **BY E-MAIL OR ELECTRONIC TRANSMISSION** - Based on a court order or an
          agreement of the parties to accept service by e-mail or electronic transmission, I caused the

23        documents to be sent to the persons at the e-mail addresses listed below.  I did not receive,
          within a reasonable time after the transmission, any electronic message or other indication

24        that the transmission was unsuccessful.

25        Executed on June 10, 2021, at San Diego, California.  I declare under penalty of perjury
     under the laws of the State of California, that the above is true and correct.

26

27                                                   *Sherri Stoddard*
                                                     Sherri Stoddard

28

255073406v.1

*Bruno Fleming v. Provest California, LLC, et al.*
Santa Clara Superior Court Case No. 21CV381819

**PROOF OF SERVICE**
[CCP 1013A (3) and 2015.5]

# **SERVICE LIST**

| **Attorneys for Plaintiff Bruno Fleming** | |
|---|---|
| Fred W. Schwinn, Esq.<br>Raeon R. Roulston, Esq.<br>Matthew C. Salmonsen, Esq.<br>Consumer Law Center<br>San Jose, CA 95112-4610<br>Tel: (408) 294-6100<br>Fax: (408) 294-6190<br>Email: fred.schwinn@sjconsumerlaw.com<br>        raeon.roulston@sjconsumerlaw.com<br>        matthew.salmonsen@sjconsumerlaw.com | |

PROOF OF SERVICE

255073406v.1